TEAMSTERS UNION LOCAL 287,
International Brotherhood of
Teamsters, Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent,

Granite Rock Company, Respondent–
Intervenor.

National Labor Relations
Board, Petitioner,

v.

Teamsters Union Local 287,
International Brotherhood
of Teamsters, Respondent,

GRANITE ROCK COMPANY,
Respondent–Intervenor.

Nos. 06–72964, 06–73444.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 18, 2008.

Duane B. Beeson, Esquire, Senior, Jason E. Rabinowitz, Beeson Tayer & Bodine, PC, Oakland, CA, for Petitioner.

R.App. P. 34(a)(2).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Linda Dreeben, Assistant General Counsel, Lester A. Heltzer, Esquire, Robert J. Englehart, Esquire, Gregory Lauro, Esquire, National Labor Relations Board, Washington, DC, for Respondent.

Alan S. Levins, Esquire, Littler Mendelson, PC, San Francisco, CA, for Respondent–Intervenor.

Before: GOULD and BEA, Circuit Judges, and SEDWICK,** District Judge.

## MEMORANDUM ***

Teamsters Union Local 287 of the International Brotherhood of Teamsters ("Local 287") petitions for review of a National Labor Relations Board ("NLRB") order that affirmed an Administrative Law Judge's ("ALJ") decision that Local 287 engaged in unfair labor practices by failing to negotiate a collective-bargaining contract with Granite Rock, Inc. in "good faith," in violation of the National Labor Relations Act, 29 U.S.C. §§ 158(b)(3). The ALJ so concluded because Local 287:(1) refused to hold a ratification vote on a tentative collective-bargaining contract on the date its agent agreed to hold it, and (2) demanded Granite Rock agree to a "back-to-work" agreement before it would hold the ratification vote it had already agreed to hold.

Local 287 also petitions for review of the NLRB's remedial order, which held the collective-bargaining contract between Granite Rock and Local 287 that was ratified on August 22, 2004, should be effective retroactively as of July 2, 2004, when the

contract would have been ratified but for Local 287's unfair labor practices. The NLRB cross-petitions for enforcement of this remedial order. We deny Local 287's petition for review and grant the NLRB's petition for enforcement.

■ We must defer to the NLRB's determination whether a party engaged in "good faith" bargaining if it is supported by substantial evidence that any "reasonable mind might accept as adequate." *NLRB v. Int'l Bhd. of Electrical Workers*, 345 F.3d 1049, 1054 (9th Cir.2003).

We are convinced the NLRB's determination is supported by substantial evidence. A valid condition precedent to a contract, such as the "back-to-work" agreement on which Local 287 insisted, requires a "clear and unambiguous expression by the parties" that the parties intended for the condition to precede contractual performance. *Nat'l Am. Ins. Co. of Calif. v. Certain Underwriters at Lloyd's London*, 93 F.3d 529, 539 (9th Cir.1996). Here, however, Local 287's negotiator agreed to put the proposed collective-bargaining contract to a vote before he ever mentioned the "back-to-work" agreement. This is a post-deal negotiation, and the NLRB did not exceed its wide discretion to enforce the National Labor Relations Act by concluding this post-deal negotiation violated the good faith requirement of 29 U.S.C. § 158(d).

■ We also hold the NLRB did not act arbitrarily or capriciously by ordering the collective-bargaining contract ratified on August 22, 2004, to be effective retroactively as of July 2, 2004. The NLRB sought to remedy Local 287's breach of its duty to bargain in good faith by enforcing

---

** The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the collective-bargaining contract as of the date it would have been signed if Local 287 had not violated 29 U.S.C. § 158(b)(3).

This court will affirm an NLRB remedial order unless the order is "a patent attempt to achieve ends other than those which can fairly be said to effectuate the policies" of the National Labor Relations Act. *East Bay Automotive Council v. NLRB,* 483 F.3d 628, 632 (9th Cir.2007) (quoting *Fibreboard Paper Prods. Corp. v. NLRB,* 379 U.S. 203, 216, 85 S.Ct. 398, 13 L.Ed.2d 233 (1964)). Here, the NLRB did not act arbitrarily or capriciously because it relied on its decision in *TNT Skypak, Inc. and Local 851, Int'l Bhd. of Teamsters, AFL–CIO,* 328 NLRB 468 (1999), which was approved by the Second Circuit, 208 F.3d 362 (2d Cir.2000). Further, we have held that where an NLRB remedy is not clearly arbitrary and capricious, doubts about its scope should be resolved against the perpetrator of the unfair labor practice. *See NLRB v. Int'l Bhd. of Elec. Workers, Local Union 112, AFL–CIO,* 992 F.2d 990, 993 (9th Cir.1993).

**Petition for review (No. 06–72964) DENIED and cross-petition for enforcement (No. 06–73444) GRANTED.**

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.